UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
EMELDA FITZROY

                            Plaintiff,

            -against-

THE CITY OF NEW YORK, JOHN FALZARNO
(Shield #8668), THOMAS SMITH,
MICHAEL SIMONE, JOESPH CURTO
and JOHN/ JANE DOES #1-100 in their official
capacities and individually (the names being
fictitious as their true names are presently
unknown)

                         Defendants,
-------------------------------------------------------------------X

Civil Action No.

Trial by Jury Demanded

## COMPLAINT

**LAW OFFICES OF REGINA L. DARBY**
Attorneys for Plaintiff EMELDA FITZROY
111 John Street, Suite 800
New York, New York 10038
(212) 480-3236

1

EMELDA FITZROY  ("Plaintiff"), by her attorneys, The Law Offices of Regina

L. Darby, complaining of the Defendants, respectfully alleges as follows:

## INTRODUCTION

1. Plaintiff brings this action against Defendants CITY OF NEW YORK ("CITY")

   and police officers JOHN FALZARANO, THOMAS SMITH, MICHAEL

   SIMONE, JOSPEH CURTO, and JOHN/JANE DOES #1-100 for damages

   arising out of a false arrest,  physical assault, battery,  excessive force in violation

   of 42 U.S.C. §1983 and New York State Constitution Article 1, Sections 11 and

   12, and common law claims arising out of the same by Defendant police officers.

## JURISDICTION

2. Plaintiff brings this action against Defendants CITY and police officers JOHN

   FALZARANO, THOMAS SMITH, MICHAEL SIMONE, JOSPEH CURTO and

   JOHN/JANE DOES #1-100 to redress the denial of her civil rights, as secured by

   the Fourth, Fifth, Eighth, and Fourteenth Amendments of the United States

   Constitution.

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1332

   and 1343(a)(3), and 42 U.S.C. § 1983.

4. Plaintiff also invokes supplemental jurisdiction of this Court over Plaintiff's state

   law claims against Defendants for common law violations arising out of the same

   case or controversy pursuant to 28 U.S.C. § 1367.

5. Venue is properly laid in the Eastern District of New York under 28 U.S.C. §

   1391.

## JURY DEMAND

6.  Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to
    Fed. R. Civ. P. 38(b).

## PARTIES

7.  Plaintiff is a citizen of the United States, and at all relevant times a resident of the
    County of Richmond and City and State of New York.

8.  Defendant CITY was and is a municipal corporation duly organized and existing
    under and by virtue of the laws of the State of New York.

9.  Defendant CITY operates and governs the New York City Police Department
    ("NYPD"), a duly authorized public authority and/or police department,
    authorized to perform all functions of a police department as per Article IX of the
    New York State Constitution, the applicable New York State statutes, and the
    applicable sections of the general municipal law of the City of New York.

10. At all times hereinafter mentioned, the individually named Defendants, police
    officers JOHN FALZARANO,  THOMAS SMITH, MICHAEL SIMONE,
    JOSPEH CURTO, JOHN/JANE DOES #1-100  were duly sworn police officers
    employed by NYPD and were acting under the supervision of NYPD and
    according to their official duties, and are sued in both their individual and official
    capacities.

11. At all times hereinafter mentioned, the Defendants, either personally or through
    their employees, acted under color of state law, of a statute, ordinance, regulation,
    custom, or usage.

3

12. Each and all of the acts of Defendants JOHN FALZARANO, THOMAS SMITH, MICHAEL SIMONE,  JOSPEH CURTO and 1-100 JOHN/JANE DOES #1-100 alleged herein, were committed while acting within the scope of their employment with Defendant CITY.

**FACTS**

13. That on or about November 2nd 2014 at or around 1:45 PM Plaintiff was lawfully present at her home located at 21 Spirit Lane in the County of Richmond, City and State of New York.

14. That at the above place and time Defendants JOHN FALZARANO, THOMAS SMITH, MICHAEL SIMONE, JOSPEH CURTO and 1-100 JOHN/JANE DOES #1-100 approached Plaintiff and forcibly grabbed the Plaintiff and placed her under arrest without any legal justification. Thereafter officers JOHN FALZARANO, THOMAS SMITH, MICHAEL SIMONE, JOSPEH CURTO and 1-100 JOHN/JANE DOES #1-100 assaulted, used excessive force, battered, falsely arrested and detained Plaintiff.

15. Despite the fact that Plaintiff informed the Officers that she was pregnant the Defendant officers struck her in the stomach and threw her to the ground and stepped on her.

16. As a result of the injuries she sustained at the hands of the Defendant Officers Plaintiff miscarried her unborn child.

17. Plaintiff was incarcerated from the time of arrest at November 2, 1:45 pm until she was arraigned on November 3, 2014 at approximately 4:00 and released.

4

18. At all times Plaintiff's arrest was without probable cause in that the Defendants had no reason to suspect that Plaintiff was the perpetrator of any alleged crime.

19. As a direct result of the acts and omissions of the Defendants, Plaintiff's civil rights were violated through the denial of her physical liberty and through verbal and physical abuse caused by Defendants.

20. As a direct and proximate result of the acts and omissions of Defendants, Plaintiff was subjected to embarrassment, physical and psychological pain and suffering and mental and physical stress and trauma.

21. At all times pertinent to these allegations, Plaintiff was unarmed and did not poses a threat of death or previous bodily injury to the Defendants.

22. On or about November 3, 2014,Plaintiff was charged with the following crimes: PL 120.00, PL 240.26, PL 120.05, PL 240.26, PL 120.05, PL 205.30, PL 195.05.

23. That on or about January 26, 2016 all criminal charges against the Plaintiff were dismissed.

24. By reason the above Plaintiff, and in particular due to the loss of her fetus, Plaintiff sustained severe and permanent psychological pain

25. That the aforesaid incident was due solely to the negligence, carelessness and recklessness of the Defendant, its employees, agents, licensees and/or servants without fault or want of care on the part of the Plaintiff contributing thereto.

26. The individual Defendants JOHN FALZARANO, THOMAS SMITH, MICHAEL SIMONE, JOSPEH CURTO and JOHN/JANE DOES #1-100 acted with actual malice toward Plaintiff.  In addition, the individual Defendants acted with willful and wanton indifference to and deliberate disregard for the statutory and

constitutional rights of the Plaintiff.  The actions of these Defendants constituted an unreasonable false arrest and malicious prosecution in violation of the Fourth and Fourteenth Amendments of the United States Constitution.

27. Upon information and belief, Defendant City of New York maintained a system of review of police conduct so untimely and cursory as to be ineffective and to permit and tolerate the unreasonable false arrests by police officers.

28. The acts, omissions, systematic flaws, policies, and customs of Defendant City of New York caused Defendants to believe that that false arrests would not be aggressively, honestly, and properly investigated, with the foreseeable result that the officers were more likely to arrest citizens such as the Plaintiff who were at all times wholly innocent, without any probable cause or conducting any investigation whatsoever.

### As and For a First Cause of Action:

### VIOLATION OF 42 U.S.C. § 1983 AS TO INDIVIDUAL DEFENDANTS DUE TO LACK OF PROBABLE CAUSE FOR ARREST (PLAINTIFF'S FOURTH AMENDMENT RIGHT)

29. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "28" with the same force and effect as if fully set forth herein.

30. The individual Defendants JOHN FALZARANO, THOMAS SMITH, MICHAEL SIMONE, JOSPEH CURTO, JOHN FALZARANO and JOHN/JANE DOES #1-100 intentionally detained, seized, and arrested Plaintiff without probable cause for arrest.

6

31. Defendants did not have reasonable suspicion to believe that criminal activity was afoot.

32. Defendants had no lawful authority to arrest Plaintiff without probable cause.

33. Defendants intentionally engaged in this conduct with knowledge that they had no lawful authority to arrest Plaintiff without probable cause and with knowledge that no probable cause existed.

34. Plaintiff was aware of her arrest and confinement.

35. Plaintiff did not consent to her arrest and confinement.

36. In arresting Plaintiff without probable cause, the individual Defendants acted with actual malice toward Plaintiff and with willful and wanton indifference to and deliberate disregard for the constitutional rights of Plaintiff and the statutory civil rights of Plaintiff.

37. The intentional false arrest of Plaintiff without probable cause violated the rights of Plaintiff as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

38. By virtue of these violations of Plaintiff's rights as guaranteed by the United States Constitution, the individual Defendants are individually liable for violations of 42 U.S.C. § 1983.

**As and For a Second Cause of Action:**
## VIOLATION OF 42 U.S.C. § 1983 AS TO INDIVIDUAL DEFENDANTS DUE TO EXCESSIVE FORCE (PLAINTIFF'S FOURTH AMENDMENT RIGHT)

39. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs "1" through "38" with the same force and effect as if fully set forth herein.

40. The individual defendants JOHN FALZARANO, THOMAS SMITH, MICHAEL SIMONE, JOSPEH CURTO, JOHN FALZARANO and JOHN/JANE DOES #1-100  intentionally beat and used excessive force against Plaintiff, without just cause or provocation, when Plaintiff was unarmed and did not pose a threat of death or grievous bodily harm to these defendants or others.

41. The individual defendants intentionally beat and used excessive force against Plaintiff, without just cause or provocation, when these defendants had no lawful authority to use deadly or non-deadly force against Plaintiff.

42. In beating and employing excessive force against Plaintiff, the individual defendants acted with actual malice toward Plaintiff and with willful and wanton indifference to and deliberate disregard for the statutory civil rights of Plaintiff.

43. The intentional beatings of Plaintiff by the individual defendants violated the rights of Plaintiff as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

44. By virtue of these violations of Plaintiff's rights as guaranteed by the United States Constitution, the individual defendants are individually liable for violations of 42 U.S.C. § 1983.

8

### As and For a Third Cause of Action:

### COMMON LAW FALSE ARREST AGAINST ALL DEFENANTS

45. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "44" with the same force and effect as if fully set forth herein.

46. The individual Defendants JOHN FALZARANO, THOMAS SMITH, MICHAEL SIMONE, JOSPEH CURTO and JOHN/JANE DOES 1-100 intentionally detained, seized, and arrested Plaintiff without probable cause for arrest. There did not exist any probable cause for Plaintiff's arrest, and as of the time of arrest, Plaintiff was not and is still not engaging in any criminal activity.

47. Defendants did not have reasonable suspicion to believe that criminal activity was afoot.

48. The individual Defendants intentionally detained, seized, and arrested Plaintiff, without just cause or provocation, without probable cause, without reasonable suspicion, and with no reason to believe criminal activity was afoot.

49. Defendants had no lawful authority to arrest Plaintiff.

50. All criminal charges were dismissed on or about January 26, 2016.

51. Defendants intentionally engaged in this conduct with knowledge that they had no lawful authority to arrest Plaintiff without probable cause and with knowledge that no probable cause existed.

52. Plaintiff was aware of her arrest and confinement, and Plaintiff did not consent to such arrest or confinement.

53. In arresting Plaintiff without probable cause, the individual Defendants acted with actual malice toward Plaintiff.

### As and For a Fourth Cause of Action

### MALICIOUS PROSECUTION AGAINST ALL DEFENDANTS

54. Plaintiff repeats and realleges each and every allegation set forth and contained in Paragraphs "1" through "53" inclusive, with the same force and effect as if fully set forth herein at length.

55. At all times Plaintiff's arrest was without probable cause in that the Defendants had no reason to suspect that Plaintiff had committed any crime.

56. On or about November 3, 2014, Plaintiff was charged with the following crimes: PL 120.00, PL 240.26, PL 120.05, PL 240.26, PL 120.05, PL 205.30, PL 195.05.

57. That said prosecution of all charges was unreasonable and without basis and were brought without probable cause.

58. As result of said prosecution, the plaintiff had to appear for multiple Court appearances.

59. That upon her release from Rikers Island jail, Plaintiff was forced to hire a private attorney and was prosecuted until January 26, 2016 at which point all charges were dropped.

60. By reason of said malicious prosecution, and her three month incarceration at Rikers Island Jail Plaintiff sustained severe and permanent psychological pain including but not limited to, anxiety, depression, embarrassment, emotional

distress, post-traumatic stress disorder, depressive disorder, loss of reputation, and a resulting loss of enjoyment of life.

61. Defendants had no lawful authority to arrest Plaintiff.

62. All criminal charges were dismissed on or about January 26, 2016.

63. Defendants intentionally engaged in this conduct with knowledge that they had no lawful authority to arrest Plaintiff without probable cause and with knowledge that no probable cause existed.

64. Plaintiff was aware of her arrest and confinement, and Plaintiff did not consent to such arrest or confinement.

### As and For a fifth Cause of Action

### COMMON LAW ASSAULT AS TO INDIVIDUAL DEFENDANTS

65. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs numbered "1" through 64" with the same force and effect as if fully set forth herein.

66. On November 2, 2014 in the County of Richmond, City and State of New York, the individual Defendants, without just cause or provocation, intentionally assaulted Plaintiff by placing her in reasonable apprehension of an imminent harmful or offensive bodily contact.

67. At all times pertinent hereto, Plaintiff did not pose a threat of harm to the Defendants or the general public.

68. The individual Defendants acted jointly and in concert with each other in intentionally assaulting Plaintiff.

69. Each individual Defendant had the opportunity to protect the Plaintiff from the unlawful actions of the other Defendant, but each failed and refused to perform such duty thereby causing injuries to the Plaintiff.

70. As a result of the individual Defendants' intentional assault, Plaintiff suffered serious, painful and permanent injuries to her mind, including but not limited to the following: emotional distress, embarrassment, humiliation, ridicule, anxiety, and psychological distress and mental anguish.

71. By virtue of their conduct as described herein, the individual Defendants are liable for their intentional assault upon Plaintiff.

72. Therefore, Defendant City is liable for the individual Defendants' assault which was committed within the scope of their employment, upon Plaintiff.

### As and For a Sixth Cause of Action:

### COMMON LAW BATTERY AS TO INDIVIDUAL DEFENDANTS

73. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs numbered "1" through "72" with the same force and effect as if fully set forth herein.

74. On November 2, 2014, in the County of Richmond, City and State of New York, the individual Defendants JOHN FALZARANO, THOMAS SMITH, MICHAEL SIMONE, JOSPEH CURTO and JOHN/ JANE DOES #1-100 without just cause of provocation, engaged in harmful and offensive bodily contact with Plaintiff.

75. At all times pertinent hereto, Plaintiff did not pose a threat of physical harm, death, or serious bodily harm to the Defendants or the general public.

76. The individual Defendants acted jointly and in concert with each other in intentionally battering Plaintiff.

77. Each individual Defendant had the opportunity to protect the Plaintiff from the unlawful actions of the other Defendant, but each failed and refused to perform such duty thereby causing injuries to the Plaintiff.

78. As a result of the individual Defendants' intentional battery, Plaintiff suffered serious, painful and permanent injuries to her mind including but not limited to the following: emotional distress, embarrassment, humiliation, ridicule, anxiety, and psychological distress and mental anguish.

79. In addition Plaintiff sustained physical injuries causing her to lose her fetus.

80. As a result of the individual Defendants' intentional battery, Plaintiff suffered economic damages, including but not limited to the following: the incurring of medical expenses related to her physical and psychological injuries, incapacitation from her usual and customary activities, and inability to perform her occupation as a home health aid.

81. By virtue of their conduct as described herein, the individual Defendants are liable for their intentional battery upon Plaintiff.

82. Therefore, Defendant City is liable for the individual Defendants' intentional battery, which was committed within the scope of their employment, upon Plaintiff.

**As and For a Seventh Cause of Action:**

## ARTICLE 1, SECTION 11 OF THE NEW YORK STATE CONSTITUTION

83. Plaintiff repeats and realleges each and every allegation set forth and contained in Paragraphs "1" through "82" inclusive, with the same force and effect as if fully set forth herein at length herein.

84. The Acts of Defendants JOHN FALZARANO,  THOMAS SMITH, MICHAEL SIMONE,  JOSPEH CURTO and JOHN/ JANE DOES #1-100 acting under color of law, in subjecting Plaintiff to an unlawful search, seizure, and assaulting Plaintiff , who is African American and Hispanic denied her the Equal protection of the law under  Article 1, Section 11 of the Constitution of the of the State of New York due to the fact that Police Officers do not treat non-Hispanic white citizens in the same manner.

85. The as a result Plaintiff is entitled to an award of damage in an amount to be determined upon the trial of this action.

**As and For an Eighth Cause of Action:**

## ARTICLE 1, SECTION 12 OF THE NEW YORK STATE CONSTITUTION

86. Plaintiff repeats and realleges each and every allegation set forth and contained in Paragraphs "1" through "85" inclusive, with the same force and effect as if fully set forth herein at length herein.

87. The Acts of Defendants JOHN FALZARANO,  THOMAS SMITH, MICHAEL SIMONE,  JOSPEH CURTO and JOHN/ JANE DOES #1-100 acting under color

of law, in subjecting Plaintiff to unlawful search, seizure, and assaulting Plaintiffs were done without reasonable suspicion or probable cause violated her Constitutional rights as guaranteed by Article 1, Section 12 of the Constitution of the of the State of New York.

88. The as a result, Plaintiff is entitled to an award of damages in an amount to be determined upon the trial of this action.

**WHEREFORE**, Plaintiff demands judgment against the individual Defendants, as to all causes of action both jointly and severally, for both compensatory and punitive damages in an amount to be determined by a jury; reasonable attorney's fees; the costs and disbursements of this action; and such other and further relief as appears just and proper.

Dated: New York, New York
       January 27, 2015

                                        Regina L. Darby (RLD-9288)
                                        Attorneys for Plaintiff EMELDA FITZROY
                                        111 John Street, Suite 800
                                        New York, New York 10038
                                        (212) 480-3236